# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2021

No. 20-10891
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mufid Abdulqader,

*Defendant—Appellant*.

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:04-CR-240-7

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.
Per Curiam:*

Inmate Mufid Abdulqader appeals the district court's denial of his motion for compassionate release. Because the district court did not abuse its discretion, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10891

# I

Abdulqader is currently serving a term of twenty years' imprisonment for (1) conspiracy to provide material support to a foreign terrorist organization, (2) conspiracy to provide funds, goods, and services to a specially designated terrorist, and (3) conspiracy to commit money laundering. The evidence reflected that Abdulqader materially aided Hamas by fundraising through the pro-Palestinian charity Holy Land Foundation for Relief and Development. He was convicted in 2008.[1]

In 2020, Abdulqader sought a sentence reduction in the district court under the compassionate release provision—18 U.S.C. § 3582(c)(1)(A)— pursuant to which a court may reduce a defendant's term of imprisonment if it finds that, after considering the factors set out in § 3553(a), "extraordinary and compelling reasons warrant such a reduction," and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." While the Sentencing Commission has yet to adopt a policy statement that governs defendant-initiated motions for compassionate release,[2] § 3553(a) requires the court to consider, in relevant part:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

[1] *United States v. El-Mezain*, 664 F.3d 467, 483 (5th Cir. 2011), *as revised* (Dec. 27, 2011).

[2] *See United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

2

No. 20-10891

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the [sentencing] guidelines.[3]

Abdulqader argues that his medical history, rendering him especially susceptible to COVID-19, and the unavailability of other caretakers to tend to his ailing wife, establish the "extraordinary and compelling reasons" warranting a reduction in sentence or, alternatively, home confinement. He argues further that he has been rehabilitated and no longer poses any danger to the community. The district court originally denied Abdulqader's motion because it found that Abdulqader failed to exhaust his administrative remedies; he "[did] not present[] extraordinary and compelling reasons" to warrant reduction; and even if he had presented such reasons, Abdulqader failed to establish that he was not a danger to the safety of others or to the community or that the § 3553(a) factors weighed in favor of reduction. Abdulqader then filed a motion for reconsideration, attaching declarations and records further supporting his rehabilitation, the unavailability of other caretakers to care for his wife, and his heightened susceptibility to COVID-19. The district court denied this motion for reconsideration "for the reasons

---

[3] 18 U.S.C. § 3553(a).

No. 20-10891

stated in the court's" original order denying compassionate release and because the newly attached declarations "d[id] not provide persuasive evidence of his wife's incapacitation and inability to pay for an in-home care giver." Abdulqader timely appealed.

## II

This court reviews a district court's denial of a motion for compassionate release for an abuse of discretion.[4] A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence.[5] "[W]e give deference to the district court's decision and note that reversal is not justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate.'"[6]

Abdulqader argues that the district court committed legal error on four main grounds—(1) it erroneously concluded that Abdulqader failed to exhaust his administrative remedies; (2) it improperly applied a heightened standard required to establish "extraordinary and compelling" circumstances; (3) it crafted a de facto rule that would render Abdulqader ineligible for a reduction solely because the nature of the offense was terrorism-related; and (4) it ignored uncontroverted evidence concerning Abdulqader's rehabilitation, his susceptibility to COVID-19, and the medical prognosis of his wife. The first three of these bases for reversal, however, overlook the district court's separate, discretionary determination that the § 3553(a) factors did not weigh in favor of a reduction. Further, the record does not support the fourth basis—the district court denied Abdulqader's

---

[4] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

[5] *Id.*

[6] *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

motion for reconsideration only after "considering the additional information presented." The district court explicitly considered Abdulqader's newly-filed records and affidavits.

The district court committed no reversible error when it denied Abdulqader's request for compassionate release. The court was careful to consider the nature and circumstances of the offense—"providing financial support for terrorism"—along with the "kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant."[7] Moreover, after recounting the circumstances of Abdulqader's offense in detail, the court expressed concern about potential future crimes, concluding that Abdulqader's release would still pose a danger to the community. Further still, the court considered Abdulqader's category VI criminal history and total offense level of 40, which created a guidelines range of 360 months to life. Despite this range, the sentencing judge imposed a sentence of twenty years. In short, the district court weighed the § 3553(a) factors and concluded that they did not support a reduction; Abdulqader's disagreement with how the court weighed those factors is an insufficient ground for reversal.[8] Under these circumstances, the district court did not abuse its discretion in denying Abdulqader's motion.

Alternatively, Abdulqader argues that the district court erred when it denied his request to serve out the remainder of his sentence in home confinement. This court cannot directly order Abdulqader to serve out the remainder of his term in home confinement.[9] Assuming, *arguendo*, that this

---

[7] § 3553(a)(4).

[8] *See Chambliss*, 948 F.3d at 694.

[9] *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995).

No. 20-10891

court may indirectly impose a home-confinement condition of supervised release after it has determined that a reduction in sentence is appropriate,[10] the district court did not abuse its discretion in declining this request. The district court could only have ordered home confinement as a condition of supervised release *after* it determined a sentence reduction was appropriate.[11] Because the district court did not abuse its discretion when it declined to reduce Abdulqader's sentence, so too did it not abuse its discretion by declining to order home confinement.

\* \* \*

For these reasons, the judgment of the district court is AFFIRMED.

---

[10] *See* 18 U.S.C. § 3582(c)(1)(A) (allowing the court to "reduce the term of imprisonment" or "impose a term of probation or supervised release with or without conditions").

[11] *See id.*